UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>   Defendant. | No. 2:25-cv-1837 CSK P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4       As discussed below, plaintiff's complaint is dismissed with leave to amend.
5  I.    SCREENING STANDARDS
6       The court is required to screen complaints brought by prisoners seeking relief against a
7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
8  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
11      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
18 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
20 1227.
21      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
22 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
25 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
26 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
27 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
28 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.   PLAINTIFF'S COMPLAINT

Plaintiff asks this Court to review all discovery related to Thomas v. Cal. Dep't of Corr. & Rehab., No. 34-2022-00328693-CU-PO-GDS (Sacramento Co., Cal.), the class action concerning a data breach discovered in January 2022, and in which plaintiff is a class member. (ECF No. 1 at 3, 5.) Plaintiff admits that he received notice that he is entitled to a cash payment from the class action settlement, and now seeks the relief to which he is entitled. (Id. at 5.)

Plaintiff appended a document styled, "Notice(s) and Motion(s)," in which plaintiff states that "as factual allegations of the first amend[ed] complaint," plaintiff claimed that upon his arrival at Pelican Bay State Prison on April 8, 2020, the classification committee improperly imposed family visiting restrictions. (ECF No. 1 at 7.) Plaintiff filed a grievance contesting the visitation restrictions, which was granted, and the restrictions were lifted on July 31, 2023, but plaintiff claims he never received a settlement for the related violations, and now seeks relief. (Id.)

As relief, plaintiff seeks a cash payment, tax-free, a pardon, pre-paid VISA and debit gift cards, unlimited messaging, movies, music and news, unlimited canteen and quarterly packages, money damages, and an attorney for civil and criminal court actions. (Id. at 8-10.)

III.   DISCUSSION

Plaintiff fails to state a cognizable federal civil rights claim. Plaintiff is advised that this Court does not have jurisdiction over the class action filed in the Sacramento County Superior Court, and therefore has no authority to review discovery obtained in that class action. Any relief must be sought in that state court action, Thomas, No. 34-2022-00328693-CU-PO-GDS, not this federal court.

Although plaintiff alleges he sustained violations of his constitutional rights, he sets forth no facts to support cognizable claims. Given the manner in which plaintiff raised the family visiting issue, it is unclear whether plaintiff intended to pursue his family visiting claim in this action, or whether he is pursuing that claim in another court. This Court is unable to construe his family visiting allegations as a claim in this action because plaintiff failed to identify a named defendant responsible for imposing the alleged wrongful visiting restrictions. Further, such claim is not properly filed in the United States District Court for the Eastern District of California. Because plaintiff is housed in Pelican Bay State Prison, and the alleged family visiting deprivation took place at Pelican Bay, such claims are properly filed in the United States District Court for the Northern District of California.

Because plaintiff fails to state a cognizable civil rights claim, the complaint must be dismissed. However, in an abundance of caution, the Court grants plaintiff leave to file an amended complaint.

IV.     LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

4

omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isel1837.14n

5

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BRANDEN WILLIE ISELI,                    No. 2:25-cv-1837 CSK P

12              Plaintiff,

13        v.                                 NOTICE OF AMENDMENT

14  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND
15  REHABILITATION,

16              Defendant.

17

18      Plaintiff submits the following document in compliance with the court's order

19  filed on _____ (date).

20

21          ☐      Amended Complaint

22              (Check this box if submitting an Amended Complaint)

23  DATED:

24                                  _____
                                              Plaintiff
25
26
27
28