UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION,<br><br>Defendants. | No.  2:25-cv-1837 CSK P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 10, 2025, plaintiff's complaint concerning an alleged data breach and family visiting issues was dismissed, and plaintiff was granted leave to file an amended complaint.  On October 27, 2025, plaintiff filed a first amended complaint claiming that his family visiting allegations were supposed to be sent to the Northern District of California, but would, if possible, like to proceed with the family visiting issues in this court.  (ECF No. 11 at 1.)

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claim arose in Del Norte County, which is in the Northern District of California. Therefore, plaintiff's claim cannot proceed in this court, but should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). Therefore, the Court will transfer this action to the Northern District of California.

On October 27, 2025, plaintiff also filed a document styled, "Motion for Relief," in which he allegedly updates information pertaining to his data breach allegations. (ECF No. 12.) Such motion is moot in light of plaintiff's first amended complaint, and is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion for Relief" (ECF No. 12) is denied as moot; and
2. This matter is transferred to the United States District Court for the Northern District of California.

Dated: October 31, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isel1837.21

2